```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JUANA RIVERA,                          :
                                       :    05 Civ. 10154
                    Plaintiff,         :
                                       :    OPINION
          -against-                    :
                                       :
MORRIS HEIGHTS HEALTH CENTER           :
and MARGUERITE BERNARD, M.D.,          :
                                       :
                    Defendants.        :
------------------------------------------------------------x
```

SIDNEY H. STEIN, U.S. District Judge.

Juana Rivera brought this medical malpractice action against Morris Heights Health Center ("Morris Heights") and Marguerite Bernard, M.D. in New York State Supreme Court, Bronx County. The action was subsequently removed to federal court because, pursuant to section 224 of the Public Health Service Act, 42 U.S.C. § 233, and effective June 23, 1996, Morris Heights and Dr. Bernard are employees of the United States for the purpose of tort actions for injuries allegedly resulting from the provision of medical services. Defendants now move to substitute the United States in place of both Morris Heights and Dr. Bernard. They further move to dismiss the complaint against the United States for lack of subject matter jurisdiction on the ground that plaintiff has failed to exhaust her administrative remedies. Because the remedy provided by the Federal Tort Claims Act ("FTCA") against the United States for claims arising against federal health service employees is exclusive, and because the United States has consented to waive sovereign immunity for these claims only after all available administrative remedies have been exhausted, defendants' motion is granted.

**BACKGROUND**

According to the complaint, Rivera was a patient at Morris Heights from 1986 through 2002, and Dr. Bernard was her physician. Compl. ¶¶ 11, 13. According to Rivera, defendants "carelessly neglect[ed] to heed [her] condition," failed to advise her "of the risks, hazards and dangers inherent in the treatment rendered[,] failed to advise [her] of the alternatives thereto and failed to obtain an informed consent" from her for that treatment. Compl. ¶¶ 15, 20. Rivera further asserts that Morris Heights failed to investigate the qualifications of its physicians and other health care providers involved in her treatment. Compl. ¶ 26. She claims that as a result of this negligence she is now "permanently injured and disabled." Compl. ¶ 15. Plaintiff fails to set forth what her "condition" was or what "treatment" was rendered by defendants. Rivera brought suit in state court on December 27, 2004 claiming medical malpractice.

On November 16, 2005, the United States Attorney for the Southern District of New York certified that Morris Heights is a private entity receiving federal grant money, and therefore that the center and its employees are deemed to be employees of the Public Health Service for the purpose of claims brought under the FTCA, 28 U.S.C. §§ 1346(b), 2671-80, for acts or omissions occurring on or after June 23, 1996. See Certification of Michael J. Garcia ("Garcia Cert."), dated November 16, 2005, annexed as Exhibit B to Declaration of John P. Cronan ("Cronan Decl."), dated December 6, 2005. Garcia further certified that Marguerite Bernard is an employee of Morris Heights and therefore an employee of the Public Health Service under the FTCA and that she was acting within the scope of her employment when she rendered medical care to Rivera at Morris Heights on or after June 23, 1996. Id.

Approximately two weeks after the U.S. Attorney issued that certification, defendants removed the case to federal court. See Notice of Removal, annexed as Exhibit D to Cronan Decl. As noted above, defendants have now moved to substitute the United States in the

place of Morris Heights and Bernard with respect to acts taken on or after June 23, 1996, and to dismiss the complaint against the United States pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

**DISCUSSION**

   1. *Substitution of the United States as Defendant*

The FTCA provides the exclusive remedy for claims arising against health service entities deemed to be employees of the United States Public Health Service and acting within the scope of their employment at the time of the incident giving rise to the claim. See Public Health Service Act of 1944, 58 Stat. 682, 42 U.S.C. § 201 *et seq.* Section 233(a) of the Act sets forth that the remedy against the United States provided by the FTCA

> for damage for personal injury . . . resulting from the performance of medical . . . or related functions . . . by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee . . . whose act or omission gave rise to the claim.

42 U.S.C. § 233(a).

Because the remedy provided by the FTCA against the United States is exclusive, the United States must be substituted in place of the health service parties. See 42 U.S.C. § 233(c) ("Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose . . . the proceeding [shall be] deemed a tort action brought against the United States."); 28 U.S.C. § 2679 (providing that, for federal tort claims, "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose . . . the United States shall be substituted as the party defendant"). In this way, the Public Health Service Act "protects . . . employees of the Public Health Service from being subject to suit while performing medical and similar

3

functions by requiring that such lawsuits be brought against the United States instead." Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000).

Almost a decade ago—on June 2, 1996—Morris Heights and Dr. Bernard were deemed to be employees of the Public Health Service for all acts and omissions occurring on or after June 23, 1996 by the Director of the Bureau of Primary Health Care of the U.S. Department of Health and Human Services, pursuant to section 224(g)-(j) and (m) of the Public Health Service Act, as amended by the Federally Supported Health Centers Assistance Act of 1995. See 42 U.S.C. § 233(g)-(j), (m); see also Exhibit A to Declaration of Richard G. Bergeron, dated October 24, 2005; Garcia Cert. Furthermore, the Attorney General has certified that Morris Heights and Dr. Bernard were acting within the scope of their deemed federal employment at the time of the events giving rise to this suit. See 42 U.S.C. § 233(c); Garcia Cert. Therefore, the United States is hereby substituted in the place of Morris Heights and Dr. Bernard as defendant in this suit.

### 2. *Lack of Subject Matter Jurisdiction*

By means of the FTCA, the United States has waived its sovereign immunity for certain tort cases and explicitly placed exclusive jurisdiction over these cases in the federal courts. See Kelley v. United States, 568 F.3d 259, 263 (2d Cir. 1978). However, this waiver of immunity is granted only in cases in which a condition precedent has been satisfied: a claimant must exhaust all administrative remedies before filing her complaint in federal district court. 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing."); Celestine v. Mount Vernon Neighborhood Health Ctr, 402 F.3d 76, 82 (2d Cir. 2005) ("The FTCA requires that a claimant exhaust all administrative remedies

4

before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived.") (citing McNeil v. United States, 508 U.S. 106, 113, 124 L. Ed. 2d 21, 113 S. Ct. 1980 (1993)). The administrative exhaustion requirement is equally applicable to suits begun in state court. Celestine, 402 F.3d at 82 ("This requirement extends to all suits, including those begun in state court."). Because Rivera has failed to exhaust her administrative remedies with the appropriate federal agency, this action must be dismissed for lack of subject matter jurisdiction.[1]

---

[1] The Federal Employees Liability Reform and Tort Compensation Act (the "Westfall Act"), Pub. L. 100-695, 102 Stat. 4563 (1988), amended the FTCA to "expressly provide[] that while the administrative-exhaustion requirement would apply to all actions, *even those removed from state court*, plaintiffs would be given an opportunity, after the removal, to exhaust those remedies." Celestine, 402 F.3d at 83. The Westfall Act provides as follows:

> Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a[n administrative] claim . . . such a claim shall be deemed to be timely presented . . . if--
> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action. 28 U.S.C. § 2679(d)(5).

Rivera filed this action in state court on December 27, 2004. She alleges that her treatment by Morris Heights and Dr. Bernard ended in July 2002, 29 months earlier. The New York State statute of limitations for medical malpractice actions is two years and six months. See NY C.P.L.R. § 214-a. However, the FTCA statute of limitations is two years. See 28 U.S.C. § 2401(b). The issue of when the federal statute began to run and whether equitable tolling is appropriate shall abide the event of any refiling after any administrative claim by Rivera is exhausted.

**CONCLUSION**

For the foregoing reasons, defendants' motion for substitution and dismissal is granted as to all claims accruing on or after June 23, 1996. The complaint is dismissed without prejudice to refiling after exhaustion by plaintiff of her administrative remedies. The case is remanded to New York State Supreme Court, Bronx County, for adjudication of any claims against Morris Heights and Bernard for actions performed prior to June 23, 1996.


Dated: New York, New York
       February 14, 2005

                                      Sidney H. Stein, U.S.D.J.